STATE OF INDIANA        )   IN THE MARION COUNTY SUPERIOR COURT
                        ) SS: CIVIL DIVISION
COUNTY OF MARION        )   CAUSE NO.:

DEBBIE SUNSHINE and SUNLAND    )
APPRAISAL SERVICES,            )   49D05 15 07 CT 024886
                               )
        Plaintiffs,            )
                               )
vs.                            )
                               )   **FILED**
GENERAL STAR NATIONAL INSURANCE)
COMPANY, NAVIGATORS INSURANCE  )   (175)  JUL 23 2015
COMPANY, and HERBERT H. LANDY  )
INSURANCE AGENCY, INC.         )   Myla A. Eldridge
                               )   CLERK OF THE MARION CIRCUIT COURT
        Defendants.            )

## COMPLAINT

Come now the Plaintiffs, Debbie Sunshine and Sunland Appraisal Services ("Sunland") who, for their complaint allege and state as follows:

### A. JURISDICTION AND VENUE

1. This Court has personal jurisdiction over Defendants as the events, the sale, procurement and issuance of insurance policies, took place in Marion County, Indiana.

2. Venue is proper in this Court as the events and/or omissions giving rise to the claims occurred in Marion County, Indiana.

### B. PARTIES

3. Sunland Appraisal Services is an Indiana sole proprietorship owned by Debbie Sunshine. Sunland's offices are located at 405 Iowa Street, Indianapolis, IN 46225.

4. Defendant General Star National Insurance Company ("General Star") is a company based in Stamford, Connecticut, that is licensed to sell professional errors and omissions insurance in the State of Indiana.

5. Defendant Navigators Insurance Company ("Navigators") is a company based in Stamford, Connecticut, that is licensed to sell professional errors and omissions insurance in the State of Indiana.

6. Defendant Herbert H. Landy Insurance Agency, Inc. ("Landy") is an independent insurance agency with its offices located in Needham, Massachusetts, licensed to procure insurance for clients in the State of Indiana.

## C. FACTS

7. In late 2008, Sunland was retained for $300 by Approved Mortgage Corporation to do a Manufactured Home Appraisal Report on behalf of homeowner Richard Duncan, who wanted to re-finance his mortgage, which was secured by real property he owned at 34 Lazy Acres Estates, Greencastle, Indiana 46135.

8. On December 2, 2008, Sunland submitted that appraisal to Approved Mortgage.

9. Following the real estate closing, Approved assigned the mortgage to Towne Mortgage, which later assigned the loan to the Federal National Mortgage Association ("FNMA").

10. When Duncan defaulted on the loan, the FNMA did an investigation and concluded that the appraisal contained misrepresentations and inaccuracies, which led to an inflated appraisal of the property.

11. The FNMA demanded that Towne Mortgage repurchase the loan; Towne subsequently did so for $85,365.28.

12. On November 13, 2013, Towne Mortgage sued Sunland in the Southern District of Indiana, Cause No. 1:13-CV-1796, for damages in excess of $75,000.

13. Sunland, on or about December 16, 2013, demanded that the company's two insurers,

General Star and Navigators, defend the federal lawsuit pending in Marion County Indiana and pay any claims.

14. On the date Sunland issued the appraisal, December 2, 2008, the company had professional liability insurance, known as errors and omissions insurance, with General Star, a policy which ran from February 24, 2008 through February 24, 2009, with a retroactive date back to February 24, 2006, when Sunland first obtained the policy. In 2009, Sunland renewed the policy.

15. In 2010, Sunland changed insurance carriers from General Star to Navigators, signing an annual policy beginning on May 24, 2010. When the Towne Mortgage lawsuit was filed on November 13, 2013, Sunland still had errors and omissions insurance with Navigators.

16. General Star and Navigators both declined to defend the Towne Mortgage lawsuit and denied coverage leaving the Plaintiffs to fend for themselves.

17. Neither General Star nor Navigators filed a declaratory judgment action to determine whether the companies had a duty to defend the federal action pending in Marion County, Indiana, whether the companies' insurance policies covered the allegedly negligent appraisal, or whether the exclusions they asserted to Sunland in declining coverage were actually applicable.

18. Both the General Star and Navigators policies were procured and sold to Sunland here in Marion County, Indiana by Herbert H. Landy Insurance Agency, Inc., an independent insurance agency.

19. At no time did Landy inform Sunland that switching malpractice insurance carriers could lead to the company not being covered for appraisals performed before the policy was put into place.

20. Landy is an agency that identifies itself as specializing in providing professional

malpractice insurance, including for real estate appraisers. On its website it says that it is a "proud partner of [National Association for Independent Fee Appraisers] for Exceptional E&O Coverage for Members throughout the United States." The Plaintiffs relied upon this professed expertise of Landy in selecting and fashioning insurance coverage for the appraisal work performed by them.

21. On June 13, 2014, the Plaintiffs entered into a settlement with Towne Mortgage whereby $85,365.28 judgment was taken against the Plaintiffs by Summary Judgment on the allegations contained in the Amended Complaint with the proviso that the judgment would be enforced against the proceeds of any insurance policies that provided coverage to the Plaintiffs.

## D. LEGAL CLAIMS

### COUNT I.

### BREACH OF CONTRACT - GENERAL STAR & NAVIGATORS

22. General Star and Navigators breached their contracts/policies[1] for insurance with Sunland by not providing a defense and coverage for the claim made by Towne Mortgage with respect to the Duncan mortgage.

### COUNT II.

### INSURANCE COVERAGE OFFERED BY GENERAL STAR AND NAVIGATORS WAS ILLUSORY

23. General Star and Navigators provided malpractice coverage that was illusory by providing limitations and exclusions on both the front and back end of these annual policies which required that the claim both occur and be asserted during the one year policy period. Given the nature of the appraisal industry, the vast majority E&O claims take place years after a policy is issued, and it is inevitable that coverage on most appraisal claims will be excluded by

---

[1] Plaintiffs do not have certified copies of the policies and are unable to attach as exhibits to the Complaint.

4

these limitations.

24. Even if the illusory coverage is the result of unambiguous exclusion and limitation clauses, General Star and Navigator should have provided coverage because Sunland had a reasonable expectation that the E&O insurance it had purchased would cover the company for the Towne Mortgage claim.

## COUNT III.

### GENERAL STAR AND NAVIGATORS FAILED TO ACT IN GOOD FAITH AND ENGAGE IN FAIR DEALING WITH RESPECT TO THE SUNLAND INSURANCE POLICIES

25. General Star and Navigators did not act in good faith and engage in fair dealing when they deceived Sunland about the coverage offered by their policies, coverage that was illusory in nature.

26. General Star and Navigators failed to engage in good faith and fair dealing in their baseless refusal to pay the policy proceeds, provide a defense and by not filing a declaratory judgment action to determine whether the company had a duty to defend, whether the company's insurance policy covered the allegedly faulty appraisal, or whether the exclusions and limitations they asserted to Sunland declining coverage were actually applicable and legally enforceable.

27. General Star and Navigators' failure to exercise good faith and deal fairly with the Plaintiffs was done out of malice, fraud, gross negligence and oppressiveness, which was not the result of mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or some other human failing, thereby entitling the Plaintiffs to recover punitive damages.

## COUNT IV.

### CRIME VICTIM'S RELIEF ACT - GENERAL STAR AND NAVIGATORS

28. Under IC 34-24-3-1, a person who proves the elements of certain crimes, including those contained in IC 35-43 et seq., by a preponderance of the evidence, can recover up to three times the actual damages, the costs of the action, and reasonable attorney's fees.

29. General Star and Navigators engaged in deception, a violation of IC 35-43-5-3, by knowingly making false and misleading representations regarding errors & omissions polices that afforded only illusory coverage.

30. Their representations were made with the intent to deprive Sunland of property: namely, annual premium payments and resulted in injury, loss and damage to the Plaintiffs.

## COUNT V.

### BREACH OF CONTRACT - LANDY

31. Landy breached the contract it had with Sunland to provide E&O insurance when Landy failed to procure insurance that would cover claims related to older appraisals, such as the 2008 Duncan appraisal. These representations were made with the intent to induce Sunland to purchase the policies, thus depriving Sunland of property: namely, premium payments and cause injury, loss and damages to the Plaintiffs.

## COUNT VI.

### LANDY FAILED TO ACT IN GOOD FAITH AND ENGAGE IN FAIR DEALING WITH RESPECT TO THE PROCUREMENT OF E&O POLICES FOR SUNLAND

32. Landy did not act in good faith and engage in fair dealing when the company misled and misadvised Sunland as to the nature and extent of the coverage offered by the General Star

and Navigator policies, failed to disclose that coverage that was provided was only illusory in nature and did not cover claims of the sort that one would expect to be made in the appraisal industry.

33. Landy's failure to exercise good faith and engage in fair dealing was done out of malice, fraud, gross negligence and oppressiveness, which was not the result of mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or some other human failing.

## COUNT VII.

### NEGLIGENCE - LANDY

34. Landy held itself out as an expert in designing and procuring E&O insurance for appraisers which was relied upon by the Plaintiffs and, as such, it owed a duty of care to Sunland

35. Landy acted as an agent to obtain insurance for the Plaintiffs and owed them a duty to exercise reasonable care, skill, and good faith diligence in obtaining insurance. The Plaintiffs had a long term relationship with Landy and Landy exercised broad discretion in serving the Plaintiffs' needs and in counseling them concerning insurance tailored to the needs of appraisers. Landy received compensation for procuring this insurance and providing their expert advice in this area.

36. Landy breached that duty when it failed to notify Sunland of exceptions and limitations to these policies, which would exclude coverage for new claims made on old appraisals, such as was asserted by Towne Mortgage, and that the coverage was illusory.

## COUNT VIII.

## CRIME VICTIM'S RELIEF ACT - LANDY

37. Under IC 34-24-3-1, a person who proves the elements of certain crimes, including those contained in IC 35-43 et seq., by a preponderance of the evidence, can recover up to three times the actual damages, the costs of the action, and reasonable attorney's fees.

38. Landy engaged in deception, a violation of IC 35-43-5-3, by claiming on its website to offer "Exceptional E&O Coverage" for appraisers, and by misleading Sunland in omitting critical information about the purchase of E&O insurance policies that failed to cover foreseeable claims and which offered only illusory coverage. These representations were made with the intent to induce Sunland to purchase the policies, thus depriving Sunland of property: namely, premium payments and cause injury, loss and damages to the Plaintiffs.

## RELIEF REQUESTED

Wherefore, the Sunland Plaintiffs request that this Court award it damages in the amount of the Towne Mortgage judgment, treble damages, punitive damages, attorney's fees and litigation expenses related to this action and defense of the federal action, and all other relief just and proper in the premises.

Respectfully submitted,

Richard A. Cook, Atty. No.: 3996-45

YOSHA COOK & TISCH
9102 N. Meridian St., Ste. 535
Indianapolis, Indiana 46260
317-334-9200 (telephone)
317-566-3578 (facsimile)
rcook@yoshalaw.com

## REQUEST FOR TRIAL BY JURY

Comes now the Plaintiffs, Debbie Sunshine and Sunland Appraisal Services ("Sunland"), by counsel, Richard A. Cook, and pursuant to Indiana Trial Rule 38 demands trial by jury as to all issues.

Richard A. Cook, Atty. No.: 3996-45

**YOSHA COOK & TISCH**
9102 N. Meridian St., Ste. 535
Indianapolis, Indiana 46260
317-334-9200 (telephone)
317-566-3578 (facsimile)
rcook@yoshalaw.com

STATE OF INDIANA ) IN THE MARION COUNTY SUPERIOR COURT
) SS: CIVIL DIVISION
COUNTY OF MARION ) CAUSE NO.:

DEBBIE SUNSHINE and SUNLAND )
APPRAISAL SERVICES, ) 49D05 15 07 CT 024886
)
Plaintiffs, ) FILED
)
vs. ) (175) JUL 23 2015
)
GENERAL STAR NATIONAL INSURANCE ) Myla A. Eldridge
COMPANY, NAVIGATORS INSURANCE ) CLERK OF THE MARION CIRCUIT COURT
COMPANY, and HERBERT H. LANDY )
INSURANCE AGENCY, INC. )
)
Defendants. )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification: Initiating __X__ Responding _____ Intervening _____

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): **Debbie Sunshine and Sunland Appraisal Services**

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rule 3.1 and 77(B) is as follows:

Name: Richard A. Cook, Attorney No. 3996-45
YOSHA COOK & TISCH
Address: 9102 N. Meridian Street, Suite 535
Indianapolis, Indiana 46260
Phone: 317-334-9200
Fax: 317-566-3578

3. There are other party members: Yes _____ No __X__ (If yes, list on continuation page.)

4. *If first initiating party filing this case*, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): CT

5. I will accept service by FAX at the above noted #: Yes _____ No __X__

6. This case involves support issues. Yes _____ No __X__

7. There are related cases: Yes _____ No __X__ (If yes, list on continuation page)

8. This form has been served on all other parties. Certificate of Service is attached: Yes ___ No  X

9. Additional information required by local rule:

_____
Richard A. Cook
Attorney for Plaintiff
(Attorney information shown above)



07/30/2015
From 46037
0 lbs 2 ozs

**US POSTAGE PAID**
**Pitney Bowes**
**ComBasPrice**
024P0007776516



## USPS FIRST-CLASS™ PKG

ship
Marion County Clerk of Courts
200 E Washington St W122
Indianapolis IN 46037

0000

C061

HIGHEST EXECUTIVE
General Star National Ins Co
120 Long Ridge Rd
Stamford CT 06902-1839

**USPS SIGNATURE TRACKING #**



9402 1096 9993 8656 6610 52

# SUMMONS

STATE OF INDIANA )  IN THE MARION COUNTY SUPERIOR COURT
) SS: CIVIL DIVISION
COUNTY OF MARION ) CAUSE NO.:

DEBBIE SUNSHINE and SUNLAND )
APPRAISAL SERVICES, ) 49D05 15 07 CT 024886
)
Plaintiffs, )
vs. )
)
GENERAL STAR NATIONAL INSURANCE )
COMPANY, NAVIGATORS INSURANCE )
COMPANY, and HERBERT H. LANDY )
INSURANCE AGENCY, INC. )
)
Defendants. )

**TO DEFENDANT:** **General Star National Insurance Company**
**120 Long Ridge Road**
**Stamford, CT 06902**

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was served by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

*If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated_____                    _____ JUL 23 2015 (Seal)
                                    Clerk, Marion Superior Court  *Myla A. Eldridge*
(The following manner of service of summons is hereby designated) CLERK OF THE MARION CIRCUIT COURT

_X_ Registered or certified mail.

___ Service at place of employment, to-wit:

___ Service on individual -- (Personal or copy) at above address. By Sheriff

___ Service on agent. (Specify)

___ Other service. (Specify)

Richard A. Cook, #3996-45-49          9102 N. Meridian St., Ste. 535
YOSHA COOK & TISCH                    Indianapolis, IN  46260
Attorney for Plaintiff                (317) 334-9200